**SO ORDERED.**

**SIGNED this 10 day of May, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

L.L. MURPHREY COMPANY,     CASE NO.  00-03213-8-JRL
                                               CHAPTER 11
  DEBTOR.

L.L. MURPHREY COMPANY,         )
LARRY BARROW, LOIS BARROW,   )
AND DORIS MURPHREY,              )
                                                  )
  PLAINTIFFS                              )
                                                  )   ADVERSARY PROCEEDING
vs.                                              )   NO.  11-00139-8-JRL
                                                  )
D.A.N. JOINT VENTURE III, L.P.,    )
                                                  )
  DEFENDANT.                          )

O R D E R

This action is before the court on the motion of defendant seeking reconsideration of the court's order of December 16, 2011 granting summary judgment for plaintiffs on their computation of the amount of Recapitalized Debt as defined in the debtor L. L. Murphrey Company's confirmed plan of reorganization, and denying summary judgment on defendant's counterclaim dealing with identification of collateral.  Although the court did not enter a final

judgment on the basis of this order, defendant filed a notice of appeal which is currently pending in the U.S. District Court. Defendant now seeks a determination from this court that the earlier order did not resolve all of the claims in the action, and thus is not final. Upon further consideration, the court finds merit in this position. Although all of the issues raised by the pleadings were fully discussed at the hearing on November 21, 2011, the order does not clearly dispose of all of them.

The background of this litigation is fully set out in the December 16 order and will not be repeated here. The complaint advances two claims for relief. First, in Count 1, it seeks declaratory relief both as to the amount of the debt to be recapitalized, and also as to the liability of the guarantors. In Count 2, it seeks injunctive relief prohibiting the defendant from attempting to collect any amount in excess of plaintiffs' assertions as to the recapitalized amount and scope of guarantor liability. The answer, in turn, advances two counterclaims. The first counterclaim deals with the issue of collateral identification determined adversely to defendant in the order of December 16. The second counterclaim asserts the reopening of the bankruptcy case as a material default, an issue decided adversely to defendant in the court's ruling on the motion to dismiss of October 12, 2011. In matching the court's orders to the claims and counterclaims asserted, it is clear there has never been a ruling on the two issues of injunctive relief and guarantor liability fairly raised as claims. Accordingly, the motion to reconsider is granted, and the court will turn to those two issues.[1]

---

[1] Bankruptcy Rule 8005 provides that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." The court concludes that entering an order that is indisputably final for purposes of appeal falls within this provision.

The issue regarding injunctive relief is easily resolved. There has been no showing that the defendant has made any impermissible attempts to collect a debt inconsistent with the court's rulings, and there is no basis on which to infer that it will not abide by any final adjudication of these issues. Accordingly, the requisite showing of irreparable harm for injunctive relief has not been made.

Although the issue of guarantor liability was discussed at the hearing on November 21, the court's order did not squarely address that claim. However, there can be no ambiguity but that the confirmed plan left the identity of the pre-existing guarantors unchanged but modified their liability to be congruent with the Recapitalized Debt to Wachovia established by the plan. Paragraph III(C)(3) of the plan is unambiguous: "The Notes shall remain secured by that collateral pledged to Wachovia by the Debtor prior to the Petition Date and guaranties will remain in full force and effect for the Notes except as adjusted to reflect the amount of Recapitalized Debt, defined herein." The Statement of the Bankruptcy Administrator summarizing the plan for the benefit of the court and parties prior to the hearing is equally clear: "The Notes shall remain secured by the same collateral that secured Wachovia's claims prior to the petition date, and the guaranties will remain in full force and effect except as adjusted to reflect the amount of Recapitalized Debt as defined in the Plan." Statement of the Bankruptcy Administrator Regarding the Debtor's Plan of Reorganization, filed June 22, 2001, p. 6. The plaintiffs are entitled to the requested declaratory relief that the liability of the pre-petition guarantors is capped at the amount of the Recapitalized Debt.

Defendant essentially concedes that the confirmed plan has this effect, but argues instead, eleven years after confirmation of a plan of reorganization on which all parties have relied, that

this provision was impermissible when approved and cannot be given effect now. The argument is fallacious.

First, a plan under chapter 11 may include "any other appropriate provision not inconsistent with the applicable provisions of this title." 11 U.S.C. § 1123(b)(6). The ballot report filed in the underlying case indicates that this plan was entirely consensual. Importantly, Wachovia, to whose position the defendant here succeeds, agreed to a renegotiation of its debt that included modification of the underlying guaranty agreements. Without regard to the issue of the extent to which the court can force modification of guaranties over the objection of a secured creditor, there can be no doubt that it can ratify and incorporate into a plan such a globally renegotiated agreement. This is particularly the case with a creditor as sophisticated as Wachovia, who was represented in this action by the lead bankruptcy counsel for Womble Carlyle.

Second, the applicable law dealing with modification of non-debtor guaranties in a chapter 11 plan in 2001 when the confirmation hearing took place was the seminal case of A.H. Robins Company, Inc. v Mabey, 880 F. 2d 694 (4th Cir. 1989), holding that the bankruptcy court has equitable authority in confirming a plan to enjoin suits against non-debtor parties jointly liable with the debtor. The Fourth Circuit, in contrast to other circuits, continues to adhere to this position. Behrmann v. National Heritage Foundation, 663 F. 3d 704 (4th Cir. 2011). The provisions of this plan modifying guaranties are completely consistent with applicable law at the time of confirmation, particularly since the guarantors contributed $550,000 to the debtor to make confirmation of its plan feasible. Paragraph 3(O) of Fourth Amended Plan of Reorganization  Importantly, this is not a case in which guarantor liability was in any way

4

eliminated; it was simply modified to be congruent with the new debt created by the plan.

Third, business reorganization under chapter 11 can only be effective if interested parties and the business community at large can rely on the provisions of confirmed plans. For this reason, the rules allowing reconsideration of court orders are narrowly circumscribed when reconsideration of confirmation orders is sought. Bankruptcy Rule 9024 exempts from its reach motions seeking revocation of orders of confirmation in deference to 11 U.S.C. § 1144, which authorizes an action seeking revocation of a final order of confirmation only within 180 days after entry on the basis of fraud. This attempt to undo a material provision of the confirmed plan runs afoul of this rule.

Finally, as the court noted by order dated October 12, 2011, this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The court adheres to that earlier ruling. Matters related to interpreting or implementing a plan post-confirmation are still considered "core" even in light of the Supreme Court's ruling in Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011). See In re American Consolidated Transportation Companies, Inc., No. 09 B 26062, 2012 WL 987740, *12 (Bankr. N.D. Ill. Mar. 22, 2012) (Schmetterer, J) ("Post-confirmation jurisdiction is clearly retained (1) where the debtor's plan provides for retention of jurisdiction and that retention is necessary for implementation of the plan, and (2) to clarify ambiguities in the plan."); see also In re Hereford Biofuels, LP, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) ("While the Adversary Proceeding has arisen in a post-confirmation context, and is between two non-debtor parties, the disputes herein concern [matters pertaining to the Bankruptcy Code]. . . . Thus, the court determines that this is a core 'arising in' proceeding, pursuant to 28 U.S.C. §§ 157(b)(2)(A), (O) & 1334(b).").

For the foregoing reasons, the motion to reconsider is allowed. Consistent with the court's prior rulings and this order, the clerk is directed to enter a final judgment as follows:

1. Pursuant to this court's order of December 16, 2011, the amount of Recapitalized Debt as defined by the Fourth Amended Plan of Reorganization of L.L. Murphrey Company is set at $6,186,362.00, and the liability of the pre-petition guarantors is capped at this amount;

2. The request for injunctive relief is denied;

3. Relief is denied defendant on its two counterclaims.

4. This action is dismissed.

**END OF DOCUMENT**